THE RIO GRANDE SOUTHERN RAILROAD COMPANY, APPELLANT, v. DEASEY, APPELLEE.

1. PRACTICE—SPECIAL FINDINGS.
Special findings in a verdict control general findings, and judgment should be entered in conformity with the facts thus established.
2. APPELLATE PRACTICE.
A judgment may be modified in the court and affirmed as modified.
3. COSTS.
Where the judgment may be modified and affirmed, the costs of the appeal may be taxed against the respective parties equally.

*Appeal from the District Court of La Plata County.*

Messrs. RUSSELL & McCLOSKEY, for appellant.

No appearance for appellee.

BISSELL, J., delivered the opinion of the court.

In 1890, the Rio Grande Southern Railroad Company was constructing its road through La Plata county. The line as laid out and built crossed a part of the northwest quarter of section 30, which was owned by the appellee, John Deasey.

To acquire title to what was required for railroad purposes, the corporation filed its petition to condemn a way through Deasey's land. Under these proceedings a trial was had and the petition to condemn was allowed on payment of the damages which the jury assessed at the sum of $500. From this judgment the company appealed to the supreme court, from which under the statute the case came here for consideration.

In one part only is the judgment attacked. The jury rendered a verdict of which the company does not complain otherwise than as to the discrepancy between it and the special findings of the jury on the questions submitted to them. By their general verdict the jury found that the value of the land was $330, and that the damages which Deasey had otherwise sustained amounted to $170. The general verdict, however, does not express all the items which the jury is bound to find to make it conform to the statute. Under some circumstances it would undoubtedly have to be set aside for the want of these statutory requisites. But the special findings remove all difficulty in this direction, and by them the jury undoubtedly declared that the defendant had suffered no damages as to the balance of the land not taken, whether it lay north or south of the road, and that the value of what the railroad had appropriated was not diminished by any collateral benefits accruing to the owner. Their conclusions in respect of these matters are clear, definite and unmistakable. Under these circumstances their special findings must control, and the judgment ought to have been entered in conformity with these established facts. It is quite true that in a sort of a summary of the items of which their verdict was composed, the jury stated that they allowed Deasey $100 for general inconvenience and $70.00 for some other elements of damage which they specified. This general summarization cannot be permitted to overcome their specific declaration that no damage had come to the owner, or benefit been received by him by reason of the construction of the road through the land. It is thus quite possible to modify and uphold the judgment and evidently do substantial justice be-

tween the parties. The record does not disclose the evidence, but there is enough contained in it to lead us to the conclusion that there would be no want of equity to modify and sustain it, and that therefore it should not otherwise be disturbed. We conclude that that part of the judgment awarding Deasey $170 damages should be set aside, and that the finding of $330 for the value of the land should be confirmed. Under these circumstances the usual order concerning the costs ought not to prevail, and they should be divided between the parties.

It is therefore ordered that the judgment be reduced to the sum of $330, and that as thus modified it should be affirmed, and that the costs of this appeal should be borne equally by the respective parties.

*Modified and affirmed.*